UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

HEATHER D. PRYCE-DAWES, )
)
PLAINTIFF, )
)
vs. ) CASE NO. 13-CV-08-FHM
)
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
)
DEFENDANT. )

## OPINION AND ORDER

Plaintiff, Heather D. Pryce-Dawes, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

### Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d

842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff Heather D. Pryce-Dawes' application for Title XVI benefits filed July 18, 2001 was denied initially and upon reconsideration. A hearing before Administrative Law Judge (ALJ) Lantz McClain was held December 6, 2002. On January 3, 2003, the ALJ entered his decision which denied benefits. The Appeals Council denied Plaintiff's request for review on October 27, 2003. Plaintiff appealed to the District Court which affirmed the ALJ's decision on March 10, 2005. Plaintiff appealed to the Tenth Circuit which remanded the case for further proceedings on March 31, 2006. [R. 272-282].

On April 23, 2008, the ALJ again denied benefits to Plaintiff. [R. 251-263]. Plaintiff appealed to the District Court which remanded the case on March 31, 2011 solely for the purpose of allowing the ALJ to explain his consideration of Exhibit 8F and the vocational expert's testimony regarding Exhibit 8F. The District Court found that no further development of the record was necessary and affirmed the ALJ's decision on all other issues. [R. 514-20]. On November 7, 2011 the ALJ entered his decision pursuant to the remand from the District Court and again denied Plaintiff benefits. [R. 501-13]. On November 1, 2012 the Appeals Council found no reason to assume jurisdiction. The

decision of the ALJ after remand is a final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: 1) failed to perform proper step four and step five determinations, and 2) failed to perform a proper credibility determination.

## Analysis

### Remand Order of the District Court

On March 31, 2011 in a prior action filed by Plaintiff, the court reversed and remanded the ALJ's decision for further proceedings. Relevant to this appeal, the district court's remand order directed the ALJ to do the following:

> The decision of the Commissioner finding plaintiff not disabled is hereby REVERSED in part, and this case is REMANDED solely for the purpose of allowing the ALJ to explain his consideration of Exhibit 8F and the VE's testimony regarding Exhibit 8F. If the ALJ did not consider Exhibit 8F and the VE's testimony regarding Exhibit 8F, the ALJ is instructed to do so. No further development of the record is necessary, and the ALJ's decision is otherwise AFFIRMED.

[R. 514-20].  (Emphasis in the original).

Subsequently on November 7, 2011 the ALJ issued a third denial decision wherein, pursuant to the district court's order, he addressed the consideration given to Exhibit 8F and the vocational expert's testimony regarding Exhibit 8F as follows:

> To speak directly to the issue directed by the Court, the following will address the consideration given to Exhibit 8F and the vocational expert's testimony regarding Exhibit 8F. Exhibit 8F is a Psychiatric Review Technique Form completed by a psychological medical expert with the State Agency, Ron Smallwood, Ph.D. Dr. Smallwood indicated that the claimant had an affective disorder characterized by disturbance of

>mood, accompanied by a full or partial manic or depressive syndrome, as evidenced by sleep disturbance and feelings of guilt or worthlessness. He further indicated that the claimant had a personality disorder with pathologically inappropriate suspiciousness or hostility; persistent disturbances of mood or affect; pathological dependence, passivity, or aggressivity; and intense and unstable interpersonal relationships and impulsive and damaging behavior. Dr. Smallwood determined that these impairments had resulted in moderate limitations in activities of daily living, moderate difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence or pace. As for episodes of decompensation, the claimant has experienced one to two episodes of decompensation. Exhibit 9F is a Mental Residual Functional Capacity Assessment prepared by the same medical expert on the same date. In this form, Dr. Smallwood indicated that the claimant would be markedly limited in her ability to understand, remember, and carry out detailed instructions and in her ability to interact appropriately with the general public. Dr. Smallwood further indicated that the claimant was not significantly limited in any other area of mental functioning. Dr. Smallwood wrote that the claimant could perform simple tasks only, could not tolerate active involvement with the public, and could relate adequately to co-workers and supervisors for superficial work issues. These forms are meant to be considered together because they explain and clarify each other. Exhibit 9F specifically sets out the claimant's limitations with regard to her residual functional capacity. When asked by claimant's attorney to consider Exhibit 8F, the vocational expert testified that those limitations would preclude work activity. However, the vocational expert was rendering an opinion upon a medical issue that was outside of his expertise and moreover, disregarded what the medical expert psychologist who prepared the document said it meant in Exhibit 9F. When given a hypothetical in line with the limitations given in Exhibit 9F, the vocational expert indicated that those limitations would <u>not</u> preclude work. For these reasons, the vocational expert's testimony that Exhibit 8F would preclude work was not given much weight and the vocational expert's response to the hypothetical that properly reflected the mental limitations actually given by the medical expert psychologist who prepared Exhibits 8F and 9F was given more weight.

[R. 511-512]. (Emphasis in original).

Exhibit 8F is a Psychiatric Review Technique Form (PRT) which was prepared by the State's non-examining psychiatrist, Dr. Ron Smallwood, Ph.D.  A PRT is used to assess mental impairments for purposes of steps two (identifying severe impairments) and three (rating severity for the listings). See generally 20 C.F.R. §§ 404.1520a, 416.920a. The PRT is structured specifically in terms of the B and C criteria of the listings for mental impairments. It uses only the four broad categories of limitation referenced in the B criteria: restriction of activities of daily living; difficulties in maintaining social functioning; difficulties in maintaining concentration, persistence, or pace; and episodes of decompensation.  See *Lull v. Colvin,* --- Fed.Appx. ----, (10th Cir 2013), 2013 WL 4828141, at *2.  The PRT does not express work-related limitations.

Exhibit 9F is the Mental Residual Functional Capacity Assessment (MRFCA) which was also prepared by Dr. Smallwood.  The MRFCA breaks down the broad categories of the PRT into work-related functional components for use in making an RFC determination. *Id.* at *2.  The ALJ accurately noted that Dr. Smallwood found Plaintiff markedly limited in her ability to understand, remember, and carry out detailed instructions and in her ability to interact appropriately with the general public.  However, Dr. Smallwood opined that Plaintiff was not significantly limited in any other area of mental functioning and that she could perform simple tasks, could not tolerate active involvement with the public, and could relate superficially with co-workers and supervisors for work issues. [R. 203]. The ALJ's explanation that Exhibit 8F (PRT) and Exhibit 9F (MRFCA) are to be considered together because they explain and clarify each other, [R. 511-13], is entirely consistent with the obvious purposes of those forms and with recent Tenth Circuit case law.  *Lull v. Colvin,* (10th Cir. 2013), 2013WL4828141.

The court finds that the ALJ fully complied with the district court's order to explain his consideration of the vocational expert's testimony regarding Exhibit 8F (the PRT form). [R. 187-199]. The court finds that the ALJ's explanation that in testifying concerning the availability of jobs based on the PRT findings in Exhibit 8F, the vocational expert was rendering an opinion on a medical issue instead of his expertise is an appropriate reason for rejecting that testimony. The findings in Exhibit 8F are not expressed in terms of work-related limitations and since the same medical expert completed both Exhibit 8F (PRT) and Exhibit 9F (MRFCA) on the same day and concluded that Plaintiff was capable of performing simple tasks with no public contact, [R. 203], the ALJ's ultimate conclusion about Plaintiff's RFC is supported by substantial evidence.

There is no merit to Plaintiff's assertion that there is an "inherent conflict" between the PRT finding of a moderate limitation in concentration, persistence, and pace and the lack of a limitation in the MRFCA on the ability to maintain concentration and attention for extended periods of time. The MRFCA form contains ratings for eight work-related mental abilities related to "sustained concentration and persistence." The MRFCA fleshes out the PRT findings by explaining the particularized underpinnings for the PRT's ratings. Thus, the MRFCA finding that Plaintiff has a "marked limitation" in the "ability to carry out detailed instructions," [R. 203], expresses the work-related consequences of the moderate difficulties of maintaining concentration, persistence, or pace found on the PRT. [R. 197]. See *Chrismon v. Astrue,* —Fed.Appx. — (10th Cir. 2013), 2013 WL 4437616, *4 (discussing interplay of PRT and MRFCA and finding ALJ properly used MRFCA, and not PRT, for step 5 determination).

6

Credibility Determination

Plaintiff argues that the ALJ improperly performed a credibility analysis. The Commissioner contends that the credibility issue has previously been adjudicated. The district court's Opinion and Order of March 31, 2011 found:

> Based on this evidence, and additional evidence in the ALJ's decision, the ALJ made his credibility finding, which the Court finds is closely and affirmatively linked to substantial evidence, as required by the Tenth Circuit.

[R. 518]. The ALJ's credibility determination in the present decision, [R. 505-511], is identical to his prior credibility determination. [R. 255-261]. The credibility issue was affirmed by the district court in Plaintiff's previous appeal. [R. 518]. The court finds no reason to deviate from that decision.

## **Conclusion**

The Court finds that the ALJ provided the explanation required in the remand order and there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 22nd day of October, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE